Robert F. Keehn, Esq. (115848)
rkeehn@rfk-law.com
Law Office of Robert F. Keehn
400 Corporate Pointe, Suite 300
Culver City, CA 90230
(310) 551-6525 telephone

Attorney for Plaintiff
Teanna Gonzales

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEANNA GONZALES, | Case No. 5:25-cv-02228 |
| Plaintiff, | COMPLAINT FOR (1) DECLARATORY RELIEF AND (2) ENFORCEMENT OF RIGHTS UNDER EMPLOYEE RETIREMENT INCOME SECURITY ACT |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | [29 U.S.C. § 1132(a)(1)(B)] |
| Defendant. | |

Plaintiff TEANNA GONZALES hereby complains against defendant METROPOLITAN LIFE INSURANCE COMPANY as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff TEANNA GONZALES (hereinafter "plaintiff" or "Gonzales") is an individual. Gonzales is a resident of the State of California and resides in San Bernardino County.

2.     Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "defendant" or "MetLife") is, and at all relevant times has been, a New York corporation with its principal place of business in New York, New York.

3.     On or prior to January 1, 2024, MetLife issued a group contract of term life and accidental death and dismemberment insurance, Policy No. 228939-1-G ("the MetLife Policy"), to Cemex, Inc. ("Cemex"). Cemex used the MetLife Policy to fund an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).

4.     At all relevant times, plaintiff's late spouse, Anthony Gonzales, was an employee of Cemex, was insured under the MetLife Policy, and was a "participant" in the subject employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(7).

5.     At all relevant times, plaintiff was designated as the beneficiary of the accidental death and dismemberment insurance afforded to Anthony Gonzales under the MetLife Policy and the subject employee welfare benefit plan. Plaintiff therefore was a "beneficiary" of the subject employee welfare benefit within the meaning of ERISA, 29 U.S.C. § 1002(8).

6.     This Court has jurisdiction of this matter pursuant to ERISA, 29 U.S.C. § 1132(e)(1). Venue in this judicial district is proper under 29 U.S.C. § 1132(e)(2) in that the breach took place here and because the defendant resides here and/or may be found here.

//
//
//

## FACTUAL BACKGROUND

7. Anthony Gonzales died in a motorcycle accident on December 8, 2024. Based on a blood sample drawn after the accident, his blood alcohol concentration ("BAC") was determined to be in excess of California's legal limit.

8. Plaintiff submitted a claim to defendant for accidental death benefits under the MetLife Policy and the subject employee welfare benefit plan.

9. On May 8, 2025, defendant denied plaintiff's claim, citing the following exclusion in the MetLife certificate issued to Anthony Gonzales:

> **Exclusion for Intoxication**
>
> We will not pay benefits under this section for any loss if the injured party is intoxicated at the time of the incident and is the operator of a vehicle or other device involved in the incident.
>
> **Intoxicated** means that the injured person's blood alcohol level met or exceeded the level that creates a legal presumption of intoxication under the laws of the jurisdiction in which the incident occurred.

10. Defendant's May 8, 2025 denial letter failed to mention, much less address, a separate provision in the MetLife certificate bearing the heading "**NOTICE FOR RESIDENTS OF CALIFORNIA**" which states:

> If your certificate includes an exclusion for the voluntary intake or use by any means of any drug, medication or sedative, unless it is taken or used as prescribed by a Physician (or a similar exclusion), We will adjudicate your claim as follows:
>
> We will exclude any Covered Loss *as a consequence of* being under the influence of any *intoxicant* or controlled substance unless administered on the advice of a Physician.

(Italics added.)

11. The MetLife certificate does in fact include an exclusion virtually identical to the one referenced in the above "**NOTICE FOR RESIDENTS OF CALIFORNIA**." Specifically, the certificate contains an exclusion for "loss caused or contributed to by…the voluntary intake or use by any means of[] any drug, medication or sedative, unless it is[] taken or used as prescribed by a Physician…." Consequently, the "**NOTICE FOR RESIDENTS OF CALIFORNIA**," which incorporates a causation requirement into the analysis of any loss involving an intoxicant, should have been applied to plaintiff's claim, but was not.

12. Under cover of August 6, 2025, plaintiff submitted the required administrative appeal to defendant. In the appeal, Gonzales pointed out, among other things, that the MetLife certificate was at best ambiguous because it purported to contain two different "intoxication" exclusions, one of which contained a causation requirement, and one of which did not, and that "[u]nder the well-known principle of insurance contract interpretation applicable in ERISA cases, *contra proferentem*, such an ambiguity will be construed against MetLife. [Citations omitted]." Gonzales also pointed out that another principle of insurance contract interpretation, the "reasonable expectations" doctrine, which also applies in ERISA cases, would seem to apply with particular force in this situation, where the contract provision most favorable to the insured – the provision that *includes* a causation requirement – features a heading *specifically directed to California residents*. Gonzales proceeded to explain that there was absolutely nothing in the record to suggest that there was a causal connection between intoxication and the accident in which her spouse had died.

13. MetLife rejected plaintiff's appeal under cover of August 18, 2025. MetLife's letter failed on even the most basic level to address plaintiff's arguments as described above, and instead simply insisted – consistent with MetLife's initial denial – that that the BAC of Anthony Gonzales was determinative of the outcome.

4

14. Plaintiff has satisfied any requirement for the exhaustion of administrative remedies.

### FIRST CLAIM FOR RELIEF

(For Declaratory Relief under 29 U.S.C. § 1132(a)(1)(B))

15. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 14, above.

16. A controversy has arisen and now exists between Gonzales and and MetLife regarding plaintiff's entitlement to the accidental death benefits (believed to be in the amount of approximately $344,000) payable following the death of Anthony Gonzales. Plaintiff contends that said amount is payable to her under the terms of the MetLife Policy and/or certificate and the subject employee welfare benefit plan, and for the reasons set forth above. Defendant presumably contends that its decisions denying the claim were correct. A judicial declaration of the parties' respective rights, obligations and liabilities therefore is necessary and appropriate at this time.

17. As a result of the dispute and disagreement explained above, it has become necessary for Gonzales to retain an attorney to enforce her rights under ERISA. Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under ERISA, 29 U.S.C. § 1132(g)(1).

### SECOND CLAIM FOR RELIEF

(For Plan Benefits and Enforcement of Rights Under 29 U.S.C. § 1132(a)(1)(B))

18. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 14, above.

19. As a result of MetLife's wrongful actions as set forth above, Gonzales has been damaged in an amount to be shown according to proof, and accordingly is entitled to accidental death benefits under the MetLife Policy and the subject employee welfare benefit plan, and an enforcement of her rights, in that amount.

20. As a result of the dispute and disagreement explained above, it has become necessary for Gonzales to retain an attorney to enforce her rights under ERISA. Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under ERISA, 29 U.S.C. § 1132(g)(1).

WHEREFORE, plaintiff TEANNA GONZALES prays for judgment against defendant METROPOLITAN LIFE INSURANCE COMPANY as follows:

1. On the First Claim for Relief, for a judicial declaration of the parties' respective rights, obligations and liabilities, relative to the matters referred to in Paragraph 16, above;

2. On the Second Claim for Relief, for plan benefits now due and owing, and an enforcement of plaintiff's rights in that regard, relative to the matters referred to in Paragraph 19, above;

3. For interest on the accidental death benefits sought by Gonzales;

4. For reasonable attorney fees and costs of suit; and

5. For such other and further relief as the Court deems just and proper.

Dated: August 26, 2025                LAW OFFICE OF ROBERT F. KEEHN

                                      By: /s/ ROBERT KEEHN
                                          Robert F. Keehn, Esq.
                                          Attorney for Plaintiff
                                          Teanna Gonzales